UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OMAR D. WILLIAMS,

                             Petitioner,

           -against-

SUPERINTENDENT PHILLIP HEATH,

                            Respondent.
----------------------------------------------------------X

**ORDER**
11-CV-112 (SJF)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 16 2012 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On December 30, 2010, incarcerated pro se petitioner Omar D. Williams ("petitioner") filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Docket Entry No. 1]. Before the Court is respondent's motion to dismiss the petition as time-barred. [Docket Entry No. 9]. For the reasons set forth herein, respondent's motion is granted, and the petition is dismissed in its entirety with prejudice.

I.     Background

After a jury trial, petitioner was found guilty of two (2) counts of murder in the second degree, in violation of Penal Law §§ 125.25[1] and [3], and of one (1) count of conspiracy in the second degree, in violation of Penal Law § 105.15. Affidavit of Joanna Hershey [Docket Entry No. 9] at ¶¶ 5-6. On June 11, 1991, petitioner was sentenced to concurrent indeterminate terms of incarceration of twenty-five (25) years to life for the murder convictions, plus seven and one-half (7.5) years for the conspiracy conviction. Id. at ¶ 6.

1

Petitioner appealed his conviction to the Appellate Division, Second Judicial Department. Id. at ¶ 7. On appeal, petitioner argued, <u>inter alia</u>, that the evidence was insufficient to sustain his felony-murder conviction. Id. On November 3, 1993, the Appellate Division affirmed the judgment of conviction, id. at ¶ 8 (citing <u>People v. Williams</u>, 198 A.D.2d (2d Dep't 1993)), and on December 30, 1993, the Court of Appeals denied petitioner's application for leave to appeal, id. at ¶ 9 (citing <u>People v. Williams</u>, 82 N.Y.2d 905 (1993)).

On August 25, 2008 – almost fifteen (15) years later – petitioner filed a motion to vacate his judgment of conviction pursuant to Criminal Procedure Law § 440.10. Id. at ¶ 10. The County Court denied defendant's motion on November 10, 2008. Id. at ¶ 11. On January 13, 2009, the Appellate Division denied petitioner's application for leave to appeal from the County Court's decision. Id. at ¶ 12. On March 3, 2009, the County Court denied petitioner's motion for reargument. Id. at ¶ 13.

On or about September 11, 2008, petitioner also sought a writ of error coram nobis. Id. at ¶ 14. On January 13, 2009, the Appellate Division denied petitioner's application. Id. at ¶ 14 (citing <u>People v. Williams</u>, 58 A.D.3d 649 (2d Dep't 2009)). The Court of Appeals denied petitioner's application for leave to appeal on May 27, 2009. Id. at ¶ 14 (citing <u>People v. Williams</u>, 12 N.Y.3d 861 (2009)).

On April 6, 2010, petitioner once again moved to vacate his judgment of conviction pursuant to C.P.L. § 440.10. Id. at ¶ 15. That motion was denied on July 29, 2010, and the Appellate Division denied leave to appeal on December 8, 2010. Id.

On December 30, 2010, petitioner filed a petition in this Court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent now moves to dismiss the petition as time-

barred. [Docket Entry No. 9]. Petitioner opposes the motion, arguing that his lateness in filing the petition was justifiable. [See Docket Entry No. 11].

II.     Discussion

A petition for a writ of habeas corpus filed by a person in state custody is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA establishes a one (1)-year statute of limitations for state prisoners seeking federal habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1); see also Dillon v. Conway, 642 F.3d 358, 359 n.1 (2d Cir. 2011). Pursuant to the AEDPA, the limitations period runs:

> "from the latest of – (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1). Only subparagraph (A) is applicable in this case.

Petitioner's judgment of conviction became final on March 29, 1994, when his time for pursuing direct review in the United States Supreme Court by writ of certiorari expired. See Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). However, since petitioner's judgment of conviction became final before implementation of the AEDPA, petitioner's deadline for filing the instant petition was April 24, 1997. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (prisoners given "a period of one year after the effective date of AEDPA in which to file a first §

2254 petition . . . ."). Nonetheless, the petition was not filed until December 30, 2010, making it more than thirteen (13) years late. Petitioner does not dispute the fact that his petition is untimely, but offers a series of explanations for the delay. In brief, petitioner claims that he was unable to obtain copies of his appellate briefs "and related legal papers" until December 2007, and that he had been unaware until 2008 that he was required to exhaust his state law remedies. Opposition to Motion to Dismiss [Docket Entry No. 11] ("Opp.") at 2-9.

The AEDPA's limitations period "may be tolled for equitable reasons if [p]etitioner can demonstrate that (i) 'extraordinary circumstances prevented him from filing his petition on time,' and (ii) he 'acted with reasonable diligence throughout the period he seeks to toll.'" Booker v. Graham, No. 10-CV-4113, 2010 WL 3924824, at *1 (E.D.N.Y. Sept. 28, 2010) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)); see also Dillon v. Conway, 642 F.3d 358, 362 (2d Cir. 2011). "The term 'extraordinary' refers not to the uniqueness of [the petitioner's] circumstances, but rather to the severity of the obstacle impeding compliance with [AEDPA's] limitations period." Harper v. Ercole, 648 F.3d 132, 137 (2d Cir. 2011).

Equitable tolling is warranted only in "rare and exceptional circumstances," Harper, 648 F.3d at 136, where the petitioner "demonstrate[s] a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances," Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)). "The diligence required for equitable tolling purposes is reasonable diligence . . . not maximum feasible diligence." Holland v. Florida, --- U.S. ----, 130 S.Ct. 2549, 2565, 177 L.Ed.2d 130 (2010) (internal quotation marks

4

and citations omitted). The Court will determine whether equitable tolling is appropriate on a case-by-case basis. See Jenkins, 630 F.3d at 305 (recognizing that "equitable procedure demands flexibility in the approach of equitable intervention.").

The circumstances of this case do not warrant equitable tolling. As an initial matter, petitioner's inability to obtain his appellate briefs or "legal papers" was not an "extraordinary circumstance" preventing him from filing his petition in a timely manner. See, e.g., Williams v. LaValley, No. 11 Civ. 0104, 2011 WL 2671511, at *5 (S.D.N.Y. June 28, 2011) ("An ordinary lack of access or inability to obtain documents does not warrant equitable tolling."); Warren v. Kelly, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002) ("[R]estricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances."); Padilla v. United States, Nos. 02 Civ. 1142, 94 Cr. 313, 2002 WL 31571733, at *4 (S.D.N.Y. Nov. 19, 2002) ("Even if [petitioner] did not have all the necessary materials or experienced a delay in obtaining them, those are not extraordinary circumstances warranting equitable tolling."); see also Jenkins v. Greene, 630 F.3d 298, 305 (2d Cir. 2010) (equitable tolling not appropriate "whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel"). Even assuming petitioner's inability to obtain his appellate briefs qualified as an "extraordinary" circumstance, there is no evidence of a direct causal relationship between that and his failure to file this petition before the expiration of his deadline. Moreover, more than three (3) years passed between the time that he obtained the briefs and the time that he finally filed his petition.[1]

---

[1] Petitioner's motion pursuant to C.P.L. § 440.10 did not toll the limitation period because the motion was filed after the limitation period had already expired. Bramble v. Connolly, No. 10-CV-5775, 2011 WL 2471515, at *3 (E.D.N.Y. June 21, 2011) (citing cases).

Furthermore, there is nothing to suggest that petitioner acted with "reasonable diligence" during the approximately thirteen (13)-year period he seeks to toll. Petitioner claims that he spent approximately eleven (11) years conferring with different prison law clerks, who wrote multiple letters on his behalf seeking copies of his appellate briefs. See Opp. at 2-8. According to petitioner, he received copies of his appellate briefs on December 7, 2007, and then filed a motion pursuant to C.P.L. § 440.10 on August 25, 2008. Id. at 8-9. Petitioner finally filed the instant petition in December 2010, only after a prison law clerk "informed [him] that [his] habeas corpus petition should have been filed long ago." Id. at 11. Under these circumstances, plaintiff has not demonstrated that he acted with reasonable diligence. See, e.g., Cruz v. McGinnis, No. 11-cv-3442, 2011 WL 5848579, at *6 (E.D.N.Y. Nov. 22, 2011) ("[A] long period of inaction reveals that [petitioner] did not diligently pursue his rights, making equitable tolling inappropriate."); Morton v. Ercole, No. 08 Civ. 0252, 2010 WL 890036, at *2 (S.D.N.Y. Mar. 10, 2010) ("Courts have generally found that periods of delay lasting for more than a year do not exhibit due diligence."); see also Chung v. United States, No. 11 CV 3579, 2012 WL 194981, at *1 (E.D.N.Y. Jan. 23, 2012) ("The quantity of time involved in this case obviates the need for extended analysis of the tolling question.").

III. Conclusion

Respondent's motion to dismiss is granted, and the petition for a writ of habeas corpus is dismissed in its entirety with prejudice. The Clerk of Court is directed to close this case and to serve copies of this order upon all parties, including mailing a copy to the pro se petitioner at his last known address. See Fed. R. Civ. P. 77.

6

Pursuant to Rule 22(b) of the Federal Rule of Appellate Procedure and 28 U.S.C. § 2253, a certificate of appealability will not issue, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**SO ORDERED.**

                                         s/ Sandra J. Feuerstein

                                         Sandra J. Feuerstein
                                         United States District Judge

Dated:        February 16, 2012
               Central Islip, New York